UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:21-cv-5-MOC-DSC

| | |
|---|---|
| DANTE MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CLEVELAND COUNTY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss filed by Defendants, (Doc. No. 11), and on a Motion to Strike Plaintiff's Response in Opposition filed by Defendants, (Doc. No. 21).

### I.  BACKGROUND

Plaintiff is a citizen and resident of North Carolina (Doc. 1, ¶ 1), and Defendant Cleveland County is a government entity existing and organized under the laws of the State of North Carolina. (Id., ¶ 2). Defendant Cleveland County Department of Social Services is a department of the Cleveland County government. (Id., ¶ 3). Defendant Doug Bridges serves as the Chairman of the Cleveland County Board of Commissioners, and Plaintiff has sued Mr. Bridges in his official and individual capacity. (Id., ¶ 4). Defendant Katie Swanson is the current Director of the Cleveland County Department of Social Services, and Plaintiff has sued her in her official and individual capacity. (Id., ¶ 5).

Plaintiff is a Black male, and he worked for Defendant Cleveland County Department of Social Services for approximately ten years, resigning on or about June 24, 2016. (Id., ¶ 6).

Plaintiff sued Cleveland County and settled the lawsuit on or about March 27, 2017.[1] (Id., ¶ 7). Plaintiff has applied for many jobs since resigning, but Defendants have consistently refused to rehire Plaintiff. (Id., ¶ 8). Plaintiff alleges upon information and belief that Defendant Bridges said Plaintiff could not be hired because he might sue Cleveland County again. (Id.). However, Plaintiff did not indicate when Defendant Bridges allegedly made this remark. (Id.). Also, Plaintiff alleges that, at some unspecified time, former County Commissioner Holbrook characterized Plaintiff as an "unsavory character" in the presence of others. (Id.).

Plaintiff's first claim is based on alleged racial discrimination, presumably brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq. (Doc. No. 1, p. 2; Id., ¶ 3). In support, Plaintiff states that Cleveland County is known for its racist acts and continued use of racist symbols. (Doc. No. 1, ¶ 9). Plaintiff alleges upon information and belief that it has always been the practice of the Cleveland County Department of Social Services to rehire former employees "that left in good standing." (Id., ¶ 10).

Plaintiff alleges that he has been consistently denied rehire although he was more than qualified for the positions. He alleges that, most recently, qualified African-Americans were overlooked for an after-hours position, and a white female was hired instead. (Id., ¶ 11). Plaintiff alleges, further, that the Cleveland County Department of Social Services allows hiring decisions to be made on the improper factor of race rather than professional qualifications. (Id., ¶ 12). In support, Plaintiff alleges upon information and belief that at least one other black female experienced discrimination similar to that Plaintiff has experienced. (Id.). Plaintiff alleges that

---

[1] Plaintiff sued Cleveland County DSS and the former Cleveland County DSS Director in a lawsuit filed on May 7, 2016. See (Case Number 1:16-cv-00125-MR-DLH).

the conduct of Cleveland County's employees and county leadership created a racially hostile environment for Plaintiff once he sued and settled the lawsuit against Cleveland County. (Id., ¶ 13). Plaintiff asserts upon information and belief that this conduct "was intended to cause Plaintiff harm and deprive ability to earn competitive wages in her (sic) field of expertise." (Id.). Plaintiff alleges that, as a result of Defendants' conduct, Plaintiff was harassed, subjected to community hostility, and denied employment and other careers in Cleveland County. (Id., ¶ 14). After filing a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Plaintiff was issued a right to sue letter on or about September 30, 2020. (Id., ¶ 15; see Doc. No. 4). Plaintiff alleges that Defendants' failure to hire Plaintiff has caused him injury in the form of lost wages and emotional distress. (Doc. No. 1, ¶ 16).

In support of his Cause of Action for Retaliation, Plaintiff contends Defendants have sought to bar him from being employed by Cleveland County or engaging in any other business ventures in Cleveland County. (Id., ¶ 18). Plaintiff alleges that he has applied for over twenty (20) positions since resigning in good standing from the Cleveland County Department of Social Services in June 2016. (Id., ¶ 19). Plaintiff has sought to engage in business ventures with an African-American former National Football League player, but County leaders have blocked him and any person associated with him from doing business in Cleveland County. (Id., ¶ 20). Plaintiff alleges that Defendants' actions created a racially hostile, discriminatory, and retaliatory environment. (Id., ¶¶ 21–23).

On March 31, 2021, Defendant filed the pending motion to dismiss, pursuant to Rules 12(b)(1), 12(b)(2). 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff filed a response on May 28, 2021. On June 2, 2021, Defendants filed a motion to strike Plaintiff's response in opposition to the motion to dismiss. This Court held a hearing on the motions on

3

August 2, 2021. This matter is ripe for resolution.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1) Standard

The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The moving party should prevail on a motion to dismiss pursuant to a lack of federal jurisdiction if material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law. Id. Finally, Plaintiff bears the burden of proving that subject matter jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### B. Rule 12(b)(2) Standard

Under Rule 12(b)(2), Plaintiff bears the burden of setting forth facts sufficient to establish personal jurisdiction. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). A summons must properly be issued and served before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

### C. Rules 12(b)(4) and (12)(b)(5) Standard

Prior to the exercise of personal jurisdiction over a defendant in federal court, the plaintiff must satisfy the procedural requirement of service of summons. Omni Capital Int'l, Ltd., 484 U.S. at 104. A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or "form" of

4

the process itself, while a motion to dismiss made under 12(b)(5) attacks a complaint for insufficient service of process. See FED. R. CIV. P. 12(b)(4), (b)(5). "The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing Plant Genetic Sys., Inc. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996)).

Once service of process is challenged, Plaintiff bears the burden of establishing that process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. Elkins, 213 F.R.D. at 275. In determining whether Plaintiff has satisfied his burden, the court must construe the technical requirements liberally "as long as the defendant had actual notice of the pending suit." Id. "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

**D. Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss,

factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

**A. Official Capacity Claims Against the Individual Defendants**

First, Plaintiff's official capacity claims against the individual Defendants are dismissed because "[s]uing a governmental employee in his 'official' capacity is simply another way of pleading an action against the governmental entity." See Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth., 320 F. Supp. 2d 378, 399 (M.D.N.C. 2004) (dismissing official capacity claims against individual defendants where the governmental entity was also sued); Kentucky v. Graham, 473 U.S. 159, 165–66 (1985).

**B. Individual Defendants Sued under Title VII**

Next, Defendants Doug Bridges and Katie Swanson are dismissed because it is well settled that there can be no individual liability under Title VII—the action is against the employer only. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (no individual liability under Title VII).

**C. Defendants Cleveland County Department of Social Services and Cleveland County Board of Commissioners**

The capacity of an entity to sue or be sued is assessed under "the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). The Fourth Circuit Court of Appeals has held that, in North Carolina, "[n]either the [County] Board of Health or Social Services is a legal entity separate and apart from the county. Both boards are created by, and are extensions of, the county." Avery v. Burke Cnty., 660 F.2d 111, 114 (4th Cir. 1981). Because the Cleveland County Department of Social Services is not a legal entity subject to suit, the Court dismisses it as a Defendant.

Furthermore, the Cleveland County Board of Commissioners is not an employer as defined by Title VII, Plaintiff has not alleged in his Complaint that the Board was his employer, and the Board is not subject to suit in this matter. See 42 U.S.C. § 2000e(b); Haavistola v. Cmty. Fire Co. of Rising Sun, 6 F.3d 211, 219 (4th Cir. 1993); Craig v. Cnty. of Chatham, 545 S.E.2d 455, 456 (N.C. Ct. App. 2001) (noting that the county's Board of Health and Board of Commissioners "are not entities capable of being sued"), aff'd in part, rev'd in part on other grounds, 565 S.E.2d 172 (N.C. 2002); Piland v. Hertford Cnty. Bd. of Comm'rs, 539 S.E.2d 669, 671 (N.C. Ct. App. 2000) (holding that county Board of Commissioners was not a proper party to be sued). Thus, Defendants Cleveland County Department of Social Services and Cleveland County Board of Commissioners are both dismissed as Defendants.

7

Case 1:21-cv-00005-MOC-WCM   Document 28   Filed 08/26/21   Page 7 of 11

### D. Plaintiff's Claims for Race Discrimination and Hostile Work Environment

Next, Plaintiff asserts Defendants have subjected him to race discrimination and a racially hostile environment. (Doc. No. 1, ¶¶ 11–13).[2] However, the Court lacks subject matter jurisdiction over Plaintiff's claims of race discrimination and racially hostile work environment because he did not raise these claims in his EEOC Charge of Discrimination. See (Defs. Ex. 1-A, Plaintiff's underlying Charge of Discrimination, Charge number 430 2019-02403). The only claim that Plaintiff raised in his EEOC Charge was a claim for retaliation. Title VII requires a plaintiff to exhaust administrative remedies before filing suit in federal court. See 42 U.S.C. §§ 2000e-5(b), (f)(1). The scope of a plaintiff's right to file a federal lawsuit is determined by the EEOC charge's contents. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). A claim is generally barred if the EEOC charge alleges one type of discrimination, such as race, and the lawsuit alleges a different type of discrimination, such as sex. Id. Because Plaintiff failed to exhaust his claims for racial discrimination and hostile work environment, these claims are, therefore, dismissed.

### E. Plaintiff's Claim for Retaliation against Defendant Cleveland County

As the Court has discussed, the motion to dismiss is granted as to Plaintiff's racial discrimination and hostile work environment claims and as to all named Defendants except Cleveland County. The only remaining claim, therefore, is Plaintiff's claim for retaliation, and the only properly named Defendant is Defendant Cleveland County, which was Plaintiff's prior

---

[2] Plaintiff also asserts Defendants have created a "hostile community environment." (Doc. No. 1, ¶ 16). However, this appears unrelated to any claims related to the workplace or related to the terms and conditions of Plaintiff's prior employment with Cleveland County. Therefore, this allegation is outside the scope of any conceivable Title VII claim.

8

employer. Defendant Cleveland County has moved for dismissal based on insufficient service of process. Federal Rule of Civil Procedure 4(j)(2) governs the service of process on a State or Local Government. Rule 4(j)(2) provides that service may be accomplished by:

> State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). In turn, North Carolina law prescribes the manner of service on a County as follows:

> Upon a county by personally delivering a copy of the summons and of the complaint to its county manager or to the chairman, clerk or any member of the board of commissioners for such county; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its county manager or to the chairman, clerk, or any member of this board of commissioners for such county; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the county manager or to the chairman, clerk, or any member of the board of commissioners of that county, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

See N.C. GEN. STAT. § 1A-1, Rule 4(j)(5)(b). The County Manager of Cleveland County is the "chief administrator of county government." See N.C. GEN. STAT. § 153A-82. Here, Plaintiff did not attempt to deliver a copy of the Summons and Complaint to the County Manager of Cleveland County as set forth in Federal Rule of Civil Procedure 4(j)(2)(A). Instead, Plaintiff attempted to effect service on Cleveland County by directing the Summons to the County Attorney.

The plaintiff bears the burden of proving that process has been properly served under the Federal Rules of Civil Procedure. Spinks v. Cohen, No. 1:19cv522, 2020 WL 1676919, at *2

(M.D.N.C. Apr. 6, 2020). In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit. Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

Here, although Plaintiff did not comply with the requirements for service, there is no doubt that Defendant received actual notice of the suit. Furthermore, Plaintiff, who is proceeding pro se, clearly made diligent attempts to follow the requirements for service. Indeed, as discussed at the hearing on Defendants' motion to dismiss, Plaintiff emailed Cleveland County officials before filing the suit to ask what individuals he needed to serve with process. Because if would not be appropriate for the Cleveland County officials, including the Cleveland County attorney, to give Plaintiff legal advice, Plaintiff received no response. However, he made diligent attempts at proper service, and Defendant Cleveland County clearly was put on actual notice of the suit. Therefore, the Court will not dismiss this action based on insufficient service of process.

Next, as to Plaintiff's claim for retaliation against Cleveland County, the Court finds that Plaintiff's factual allegations satisfy the lenient standards of Iqbal and Twombly. Therefore, Plaintiff's claim of retaliation remains in this action.

In sum, for the reasons stated herein, all claims against all named Defendants are dismissed except for Plaintiff's retaliation claim against Cleveland County.

Finally, Defendants' motion to strike Plaintiff's response to the motion to dismiss is denied, as the reason for the motion to strike—that fact that Plaintiff filed his response two days

late—is not a sufficient reason to strike the entire response brief.

## IV. CONCLUSION

In sum, for the reasons stated herein, all claims against all named Defendants are dismissed except for Plaintiff's retaliation claim against Defendant Cleveland County. To this extent, Defendants' motion to dismiss is **GRANTED in part and DENIED in part**.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 11), is **GRANTED in part and DENIED in part**, and all claims against all named Defendants are dismissed except for Plaintiff's retaliation claim against Defendant Cleveland County.

2. Defendants' Motion to Strike Plaintiff's response to the motion to dismiss is **DENIED**. (Doc. No. 21).

Signed: August 26, 2021



Max O. Cogburn Jr.
United States District Judge