UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:21-cv-5-MOC-DSC

| | |
|---|---|
| DANTE MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CLEVELAND COUNTY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Sanctions under Rule 11 against Attorney Stephanie Webster, (Doc. 27).

## I. BACKGROUND

In the underlying action, pro se Plaintiff Dante Murphy has sued Defendant Cleveland County, alleging various claims of employment discrimination. On March 31, 2021, Defendant filed a Motion to Dismiss Plaintiff's Complaint (Doc. 11) and Memorandum of Law in Support thereof.[1] (Doc. 12). On August 2, 2021, this Court held oral arguments on the motion to dismiss, which the Court granted in part and denied in part on August 26, 2021. (Doc. 28). Plaintiff filed a Motion for Sanctions on August 20, 2021 (Doc. 27).

## II. DISCUSSION

Fed. R. Civ. P. 11(b) provides in relevant part:

By presenting to the court a pleading, written motion, or other paper—

---

[1] All other Defendants were dismissed from this lawsuit on August 26, 2021, including Cleveland County Department of Social Services, Cleveland County Board of Commissioners, Doug Bridges (Individual and Official Capacity) and Katie Swanson (Individual and Official Capacity). Cleveland County is the only remaining Defendant. See (Doc. 28).

1

whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Plaintiff's motion for sanctions is denied for the reasons stated in Defendant's brief in opposition to the motion. First, Plaintiff did not serve Defendant with notice of his intent to file the sanctions motion in accordance with Rule 11(c)(2).[2] Moreover, and in any event, Plaintiff's arguments in support of Rule 11 sanction are utterly meritless.

First, Plaintiff argues Rule 11 sanctions are warranted because Defendants argued in their Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss that Plaintiff conceded that service on Cleveland County had not been perfected. Plaintiff contends that he

---

[2] Rule 11(c)(2) provides:

Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

The Court finds that, for the reasons stated by Defendant in its opposition brief, the Notice of Intent to File Sanctions filed on June 10, 2021, did not serve as the required notice for the pending motion.

2

never conceded as such. However, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss stated, "[a]t no time did the Cleveland County attorney act with integrity by notifying a citizen that a county employee had not been properly served with a complaint." (Doc. 20, p. 5, ¶ 3). Plaintiff's foregoing statement reasonably is interpreted as an admission that a Cleveland County employee had not been served with the Complaint in this matter, meaning service on the County had not been perfected, and Plaintiff conceded as much. Significantly, this Court concluded that "Plaintiff did not comply with the requirements for service" on Cleveland County. (Doc. 28, p. 10).

Plaintiff also seeks sanctions against defense counsel on the grounds that Defendant argued in the Motion to Strike Plaintiff's Response in Opposition to Defendants' Motion to Dismiss that Plaintiff's Response in Opposition was untimely filed. However, this Court concluded that Plaintiff's Response in Opposition indeed was filed two days late. (Doc. 28, pp. 10–11).

Finally, Plaintiff also argues in his sanctions motion that "Attorney Stephanie Webster sought to mislead the court by stating that Cleveland County and its officials were under no obligation to honor Plaintiff's FOIA request to identify the person responsible for receiving service of lawsuits. Attorney Webster failed to note in her statement to the court that Plaintiff's request to identify the person or agent responsible for receiving service of lawsuits was requested under both federal and state law." (Doc. 27, pp. 1–2). In opposing the sanctions motion, defense counsel asserts that she stated, during oral arguments on August 2, 2021, that the federal FOIA statute is not applicable to North Carolina local government agencies. Additionally, counsel recalls indicating on the record that the North Carolina Public Records Act does not require a local government to respond to a request for information, such as that made by Plaintiff

3

regarding the proper county employee to serve with his summons and complaint. Rather, the North Carolina Public Records Act requires local governments to provide requesters with certain public records. In this Court's Order after oral arguments on the motion to dismiss, the Court stated: "Indeed, as discussed at the hearing on Defendants' motion to dismiss, Plaintiff emailed Cleveland County officials before filing the suit to ask what individuals he needed to serve with process. Because [it] would not be appropriate for the Cleveland County officials, including the Cleveland County attorney, to give Plaintiff legal advice, Plaintiff received no response." (Doc. 28, p. 10). The Court's finding confirms that Defendants were not obligated to respond to Plaintiff's request for information regarding service of process under FOIA or under the N.C. Public Records Act as discussed by undersigned counsel during oral arguments.

In sum, Plaintiff seeks to have this Court sanction defense counsel for making legal arguments regarding Plaintiff's failure to properly effect service on Defendant Cleveland County, regarding Plaintiff's failure to file a timely Response in opposition to Defendants' Motion to Dismiss Plaintiff's Complaint, and regarding statements of undersigned counsel during oral arguments related to the legal requirements of the federal Freedom of Information Act and the North Carolina Public Records Act. Plaintiff simply has not shown that defense counsel behaved in any manner whatsoever that would warrant Rule 11 sanctions.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Sanctions against Attorney Stephanie Webster, (Doc. No. 27), is **DENIED**.

Signed: October 22, 2021



Max O. Cogburn Jr
United States District Judge