UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-5-MOC-DSC

| | |
|---|---|
| DANTE MURPHY, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| vs. ) | |
| ) | |
| CLEVELAND COUNTY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on a Motion for Summary Judgment, filed by Defendant Cleveland County. (Doc. 35).

## I. BACKGROUND

In the underlying action, pro se Plaintiff Dante Murphy has sued Defendant Cleveland County, alleging various claims of employment discrimination. On March 31, 2021, Defendant filed a Motion to Dismiss Plaintiff's Complaint (Doc. 11) and Memorandum of Law in Support thereof.[1] (Doc. 12). On August 2, 2021, this Court held oral arguments on the motion to dismiss, which the Court granted in part and denied in part on August 26, 2021. (Doc. 28). After receiving an extension of time to Answer or otherwise respond, Defendant filed the pending summary judgment motion on September 23, 2021. (Doc. 35).

---

[1] All other Defendants were dismissed from this lawsuit on August 26, 2021, including Cleveland County Department of Social Services, Cleveland County Board of Commissioners, Doug Bridges (Individual and Official Capacity) and Katie Swanson (Individual and Official Capacity). Cleveland County is the only remaining Defendant. See (Doc. 28).

1

## II. DISCUSSION

The Court notes that Defendant filed the summary judgment motion before the parties conducted any discovery in this action. Although Rule 56(b) of the Federal Rules of Civil Procedure states that a summary judgment motion may be filed <u>at any time</u> until 30 days after the close of all discovery, the plaintiff also has the right, under Rule 56(d), to ask the Court to continue the pending summary judgment motion and to grant Plaintiff leave to conduct discovery.

Plaintiff has the right to conduct discovery if he chooses to do so. Because he is proceeding pro se, he may not be aware that he has the right to conduct discovery. The Court will, therefore, give Plaintiff twenty days in which to inform the Court whether he would like to conduct discovery in this matter before the Court rules on Defendant's pending summary judgment motion.[2]

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall file a document informing the Court, <u>within 20 days</u>, whether he seeks to conduct discovery before the Court rules on Defendant's pending summary judgment motion.

---

[2] The Court understands that Defendant contends that Plaintiff abandoned his claims by not substantively responding to the summary judgment motion. Defendant also argues that discovery would be a waste of time, as no amount of discovery can support Plaintiff's remaining retaliation claim. Given that Plaintiff is proceeding pro se, the Court declines to deprive him of the right to conduct discovery if he so wishes. Summary judgment motions are routinely denied as premature where the parties have not conducted discovery. It's entirely appropriate in this case to at least allow the pro se Plaintiff the ability to conduct discovery before the Court rules on the summary judgment motion if he so wishes.

2

Signed: November 17, 2021

Max O. Cogburn Jr.
United States District Judge