| | |
|---|---|
| DANTE ANTONIA MURPHY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLEVELAND COUNTY, )<br>)<br>Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the Court on Plaintiff's "Motion for Default Judgment Against County of Cleveland and Sanctions Against Cleveland County Commissioner Doug Bridges for Witness Tampering, Bribery, Extortion" (the "Motion for Sanctions," Doc. 47), which has been referred to the undersigned for the entry of a recommendation. See Amended Order of Referral effective January 1, 2019, No. 3:11-mc-00025-MOC (directing that motions for sanctions sought under the court's inherent authority be considered by recommendation).

I.  Background

On January 4, 2021, Plaintiff, who is proceeding *pro se*, filed a Complaint against Cleveland County (the "County"), the Cleveland County Department of Social Services, Doug Bridges ("Bridges"), and Katie Swanson. Doc. 1.

On August 26, 2021, all of Plaintiff's claims were dismissed, except for

1

Plaintiff's claim for retaliation against the County. Doc. 28.

On September 23, 2021, the County filed a Motion for Summary Judgment. Doc. 35. That Motion was later denied as premature and the County was directed to file an answer to Plaintiff's Complaint. Doc. 45.

On December 22, 2021, the County filed its Answer. Doc. 46.

On December 23, 2021, Plaintiff filed the instant Motion for Sanctions. Doc. 47. The County has responded in opposition. Doc. 48.

II. Discussion

According to Plaintiff, former defendant Bridges, the current Chairman of the Board of Commissioners for the County, "violated state and federal laws, specifically, witness tampering, bribery, and extortion" by offering a container of "'famous' Bridges barbeque sauce" to Robert Alexander Williams ("Williams"). Doc. 47 at 1. Plaintiff appears to believe that Williams will be a witness in this matter and states that Williams "previously provided detrimental testimony to the EEOC during the agency's investigation" of Plaintiff's claims. See Doc. 47 at 3.

In short, Plaintiff argues that Bridges was attempting to influence Williams' testimony as a witness in this matter.

Courts have the inherent power to impose sanctions for bad-faith conduct in the course of litigation. Chambers v. NASCO, Inc., 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); see also Riley v. City of New York, No.

2

10–cv–2513, 2015 WL 541346, at *7 (E.D.N.Y. Feb. 10, 2015) ("[C]ourts in this district and others have sanctioned witness tampering pursuant to a court's inherent power") (collecting cases); Michael v. Boutwell, 138 F.Supp.3d 761, 785 (N.D. Miss. 2015) (discussing court's inherent power to impose a range of sanctions for established witness tampering based on the nature of the threat, whether the threat was likely to have a chilling effect on testimony, whether the threats were malicious, whether other instances of improper litigation conduct had occurred).

The undersigned is not persuaded, though, that sanctions are warranted here.

First, it is not apparent from Plaintiff's recitation of the alleged events that Bridges engaged in improper conduct.

Next, it is not clear at this stage of the proceedings whether Williams will actually be a witness. Even if he will be a witness, however, Plaintiff advises that he believes Williams "is an honorable man and will testify truthfully" and that "Williams stated that his testimony will not be altered by Mr. Bridges' gift to him." See Doc. 47 at 6-7.[1]

In addition, to the extent Plaintiff seeks to impose sanctions upon

---

[1] Numerous pages of documents from Williams have been received and appear on the docket. See Doc. 50. While that information has not been provided by a party to the case, or otherwise at the Court's direction, at one point therein Williams states that the subject gift "will have absolutely no effect" on his testimony. Doc. 50 at 24.

Bridges himself, Bridges is no longer a party to this case. To the extent Plaintiff is requesting that the County's Answer be stricken and that a default judgment be entered against the County, Plaintiff has not established that such a sanction is necessary.

### III. Recommendation

Accordingly, for the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Plaintiff's "Motion for Default Judgment Against County of Cleveland and Sanctions Against Cleveland County Commissioner Doug Bridges for Witness Tampering, Bribery, Extortion" (Doc. 47) be **DENIED**.

Signed: January 7, 2022

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).