UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:21-cv-5-MOC-DSC

| | |
|---|---|
| DANTE MURPHY, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| vs. ) | |
| ) | |
| CLEVELAND COUNTY, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion for Summary Judgment by Defendant Cleveland County. (Doc. No. 67).

## I. BACKGROUND

### A. Relevant Procedural Background

Plaintiff filed this action on January 4, 2021, alleging various claims of employment discrimination against Defendant Cleveland County and other named Defendants. (Doc. No. 1). On August 26, 2021, this Court granted Defendants' motion to dismiss in part, dismissing Plaintiff's claims against all named Defendants except for his retaliation claim against Defendant Cleveland County pursuant to Title VII of the Civil Rights Act of 1964. (Doc. No. 28). Plaintiff's retaliation claim is based on Defendant Cleveland County's failure to hire him for numerous positions for which he applied. Plaintiff alleges that Defendant retaliated against him because of his filing of a lawsuit against Cleveland County in 2016, and his subsequent settlement of that lawsuit in March 2017.

Defendant filed the pending summary judgment motion on August 8, 2022. (Doc. No.

1

67). On August 9, 2022, this Court issued a Roseboro notice. (Doc. No. 68). Plaintiff has not responded in opposition to the summary judgment motion, and the time to do so has passed.[1] Thus, this matter is ripe for disposition.

**B.** **Factual Background**

Viewing the forecast of the evidence in the light most favorable to Plaintiff as the non-moving party, the following constitute the indisputable material facts:

Plaintiff, a black male, is a citizen and resident of North Carolina (Doc. No. 1 ¶ 1), and Defendant Cleveland County is a governmental entity existing and organized under the laws of the State of North Carolina. (Id. ¶ 2). Plaintiff worked for Cleveland County in its Department of Social Services for about ten years, resigning on or about June 24, 2016. (Id. ¶ 6). Shortly before Plaintiff resigned, he sued Cleveland County and settled the lawsuit on or about March 27, 2017.[2] (Id. ¶ 7).

On March 7, 2016, Plaintiff was hired as a social worker in the Foster Care Division of the New Hanover County Department of Social Services. See (Doc. No. 36-1, p. 3, "Statement of Facts," Dante Murphy v. Cnty. of New Hanover, Case No. 7:17-cv-229-FL, Doc. No. 82, Filed 03/30/21).[3] Plaintiff "worked from July 5, 2016, his first day, until his formal termination [by

---

[1] Because Plaintiff has failed to respond to the summary judgment motion, he is deemed to have abandoned his claim, and the Court could grant summary judgment to Defendant without further discussion. Nevertheless, the Court will discuss the merits of Plaintiff's retaliation claim.
[2] Plaintiff sued Cleveland County DSS and the former Cleveland County DSS Director in a lawsuit filed in this Court on May 7, 2016. See Case Number 1:16-CV-125-MR-DLH. The settlement referenced in Plaintiff's Complaint relates to this 2016 lawsuit.
[3] This Court takes judicial notice of the adjudicative facts related to Plaintiff's employment and termination from employment by New Hanover County, set forth on pages 4–11 in the Summary Judgment Order of the Honorable Louise W. Flanagan, United States District Judge. See (Doc. No. 36-1). The Court further takes judicial notice of all Court filings and public records cited by Defendant in its supporting brief.

New Hanover County on] December 6, 2016." (Id. p. 4). Plaintiff was terminated from his employment with New Hanover County effective December 6, 2016, by the DSS Director, Ms. Michelle Winstead, because she concluded Plaintiff had "failed to meet performance expectations." See (Doc. No. 36-3, Letter of Termination to Plaintiff from the Director of the New Hanover County Department of Social Services).

Following Plaintiff's termination from his job with New Hanover County, Plaintiff filed a lawsuit against New Hanover County in the Eastern District of North Carolina. See (Doc. No. 36-4, Plaintiff's Complaint in Murphy v. County of New Hanover, Case No. 7:17-cv-229). The district court subsequently granted summary judgment to New Hanover County. (Doc. No. 36-1). In its order, the court found as an undisputed fact that Plaintiff was formally terminated from his position with New Hanover County on December 6, 2016, based on numerous performance deficiency issues. (Id., pp. 4–11). The U.S. Fourth Circuit Court of Appeals later affirmed the district court's grant of summary judgment to New Hanover County. See Murphy v. Cnty. of New Hanover, No. 21-1471, 2021 WL 4704780, at *1 (4th Cir. Oct. 8, 2021).

Plaintiff has applied for many jobs with Cleveland County since resigning from Cleveland County DSS, but Defendant has not rehired Plaintiff. (Doc. No. 1, ¶ 8). Defendant has identified fourteen positions for which Plaintiff applied between March 8, 2018, and August 16, 2019, after he was terminated from New Hanover County.[4] In the sworn declaration of Cleveland County Human Resources Director Allison Mauney, Defendant has articulated its reasons for not rehiring Plaintiff as to each of these positions. See (Doc. No. 36-5, Mauney Decl.).

---

[4] The positions for which Plaintiff applied with Cleveland County are subject to the provisions of Chapter 126 of the North Carolina General Statutes, the State Human Resources Act. See (Doc. No. 36-5, ¶ 5).

3

Plaintiff filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 16, 2019, asserting retaliation by Cleveland County against him based on the County not rehiring him for multiple positions. (Doc. No. 1, ¶¶ 18, 24). In his Charge, Plaintiff attributed the County's refusal to rehire him to its alleged belief that Plaintiff would sue the County again (as he had done in May 2016 shortly before he resigned). (Id.).

The relevant dates of the alleged retaliation as set forth in Plaintiff's EEOC Charge include the earliest date of February 16, 2019, and a latest date of August 16, 2019. See (Doc. No. 17-1, Ex. 1-A, p. 6 of 8). Plaintiff's EEOC Charge of Discrimination was investigated by North Carolina's designated Fair Employment Practices Agency (FEPA), the N.C. Office of Administrative Hearings (NCOAH), as permitted by the applicable EEOC regulations. See 29 C.F.R. §§ 1601.75 et seq.; see also Doc. No. 4 and Doc. No. 17-2, Ex. 1-B. NCOAH thoroughly investigated Plaintiff's EEOC Charge and made a finding on the merits. See (Doc. No. 17-1, Ex. 1-B, p. 2 of 14). The NCOAH finding on the merits is memorialized in its "Notice of Determination – No Cause." Id.

After receiving the No Cause Determination, Plaintiff sought and received an EEOC Substantial Weight Review of the NCOAH No Cause Determination, as permitted by 29 C.F.R. § 1601.76. After a "thorough review of the investigative file," the EEOC Acting District Director, Charlotte District Office, upheld the factual findings and legal conclusions of NCOAH. (Doc. No. 4). Plaintiff was issued a right to sue letter on or about September 30, 2020. (Doc. No. 1, ¶ 15). Plaintiff filed the instant lawsuit against Defendant Cleveland County on January 4, 2021. (Doc. No. 1).

II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Id. at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. Id. Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. Anderson, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Further, Rule 56 provides, in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

> interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, the non-movant must show the existence of a factual dispute on every essential element of his claim.

### III. DISCUSSION

As noted, the only remaining claim in this lawsuit is Plaintiff's Title VII retaliation claim against Defendant Cleveland County. Under Title VII, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Ordinarily, a plaintiff may establish a Title VII retaliation claim under the burden-shifting framework set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and to survive summary judgment in favor of the defendant-employer, a plaintiff must first meet his burden of establishing a prima facie case of retaliation. See Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006).

To establish a retaliation claim under Title VII, Plaintiff must show that retaliation was a "but-for cause" of his non-selection for positions in the pertinent time periods—i.e., he would have been selected for those positions if he had not engaged in the alleged protected activity. Guessous v. Fairview Prop. Invests., LLC, 828 F.3d 208, 216–17 (4th Cir. 2016). To do so, Plaintiff must establish a prima facie retaliation claim by proving (1) he engaged in protected

6

conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action. See A Soc'y Without a Name v. Commonwealth of Va., 655 F.3d 342, 350 (4th Cir. 2011). If Plaintiff establishes a prima facie case, the burden shifts to Defendant to articulate a legitimate, non-retaliatory reason for the adverse employment action. Guessous, 828 F.3d at 216. Once Defendant provides a non-retaliatory reason for its action, Plaintiff, who bears the ultimate burden of persuasion, must show by a preponderance of the evidence that the proffered reason was a pretext for retaliation. Id.

Plaintiff relies on his filing of a lawsuit against Cleveland County in 2016, and his subsequent settlement of that lawsuit in March 2017, as the source of his protected conduct. Here, the Court will assume that Plaintiff has sufficiently shown that he engaged in protected EEO activity by filing his 2016 lawsuit against Cleveland County, which included a cause of action under Title VII. Thus, he has established the first element of his prima facie case of retaliation. Furthermore, given that Plaintiff subsequently applied for and was not hired for fourteen positions with Cleveland County, Plaintiff has shown he was subject to an adverse employment action and satisfies the second element of his prima facie case of retaliation.

However, Plaintiff cannot show the required "but-for" causal connection between any adverse action and his protected activity. Plaintiff asserts Defendant has not rehired him out of an alleged concern that he might sue the County again as he did 2016. It is well settled that the temporal proximity between the protected activity and the adverse employment action is relevant to a retaliation claim. Although there is no "bright temporal line," the Fourth Circuit has held that a period of three to four months between the protected activity in question and the subsequent adverse employment action is too long to establish causation by temporal proximity alone. See Perry v. Kappos, No. 111476, 2012 WL 2130908, at *6 (4th Cir. 2012) (unpublished) (citing

7

Pascual v. Lowe's Home Ctrs., Inc., 193 F. App'x 229, 233) (4th Cir. 2006)).

Here, temporal proximity between Plaintiff's protected conduct and Defendant's alleged adverse actions is entirely lacking. Plaintiff filed his lawsuit against Cleveland County in 2016 and settled it in March 2017. Thereafter, Plaintiff then first applied for employment with Cleveland County on March 8, 2018, and during the time frame relevant to Plaintiff's underlying EEOC Charge and this lawsuit, continued applying for employment up to and including August 16, 2019. Thus, as to each decision of Defendant Cleveland County not to rehire Plaintiff during this time frame, two to three years separates Plaintiff's protected activity (filing of his 2016 lawsuit) and the County's decisions not to rehire him from March 2018 until August 2019. This is far too long for Plaintiff to establish a causal connection.

"In cases where 'temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus.' Specifically, evidence of recurring retaliatory animus during the intervening period can be sufficient to satisfy the element of causation." Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007) (citation omitted) (quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3rd Cir. 2000)). Here, no evidence suggests that Defendant's decisions not to rehire Plaintiff were motivated by any retaliatory animus connected to his participation in protected activity by the filing of his 2016 lawsuit against the County. Thus, Plaintiff cannot show a prima facie case of unlawful retaliation because he cannot establish the third element of his prima facie case: causal connection.

The Court further finds, however, that even if Plaintiff had established a prima facie case of retaliation, Defendant has submitted, legitimate non-retaliatory reasons for not re-hiring Plaintiff for each of the fourteen positions for which he applied, as set forth in the Allison

Mauney Declaration. See (Doc. No. 36-5). That is, Defendant refused to hire Plaintiff for the positions because either he made false statements in his job applications or he was not qualified for the job. More specifically, on March 8, 2018, Plaintiff applied for the position of Child Support Supervisor I, Vacancy number 11.512.4097, wherein Plaintiff stated that the reason he left his employment with New Hanover County was "[t]ransfer to another position was not made available" when in fact Plaintiff was terminated by New Hanover County Director of Social Services, Michelle Winstead, on December 6, 2016.[5] Because Plaintiff knowingly and falsely concealed the reason he was separated from employment with New Hanover County on his March 8, 2018, application, he was not eligible for employment in this position, and he was no longer eligible for any future employment opportunities with Cleveland County due to his knowing and fraudulent misrepresentation.[6] Additionally, the termination by New Hanover

---

[5] As Defendant correctly asserts, the non-selection decisions of Defendant related to Plaintiff's applications described in paragraphs 1–6 on pages 16–20 are time-barred because the non-selections/adverse actions took place more than 180 days before Plaintiff's filing of his underlying EEOC Charge of Discrimination. Title VII requires a plaintiff to exhaust administrative remedies before filing suit in federal court. See 42 U.S.C. §§ 2000e-5(e)(1). Exhaustion is "mandatory in the sense that a court must enforce the rule if a party properly raises it." See Griffis v. Duke Energy Progress, Case No. 5:19-CV-119-FL, 2019 WL 3659992, at *2 (E.D.N.C. Aug. 6, 2019) (citing Fort Bend Cnty., Texas v. Davis, 139 S. Ct. 1843, 1849 (2019)). Because Defendant's non-selection decisions described in paragraphs 1–6 are time-barred, and Defendant has properly and timely raised this defense, the Court will not consider these time-barred claims. Moreover, Plaintiff failed to exhaust his administrative remedies as the applications described in paragraphs 1–6 on pages 16–20 herein inasmuch as the alleged retaliation took place only between February 16, 2019, and August 16, 2019, based on Plaintiff's EEOC Charge of Discrimination which underlies this lawsuit. See (Doc. No. 17-1, p. 4 of 8).

[6] N.C. GEN. STAT. § 126-30(a) provides that

> [a]ny employee who knowingly and willfully discloses false or misleading information, . . . or conceals prior employment history or other requested information, either of which are significantly related to job responsibilities on an application for State employment may be subjected to disciplinary action up to and including immediate dismissal from employment. Dismissal shall be mandatory where the applicant discloses false or misleading information in order

constituted a material negative reference. Further, notwithstanding this ineligibility, Plaintiff was additionally deemed unqualified for this position because his application did not reflect sufficient relevant experience.

The Mauney Declaration further states that, for each of the subsequent applications, Defendant refused to hire Plaintiff because he had made a knowing and fraudulent misrepresentation on his March 8, 2018, application, which rendered him ineligible for any future employment with Cleveland County. Additionally, as to some of the positions, Defendant determined that Plaintiff was not qualified for the job. Finally, as with the March 8, 2018, application, the termination by New Hanover constituted a material negative reference, which was another reason Defendant did not hire Plaintiff to any of the subsequent positions.

Through the Mauney Declaration, Defendant has articulated legitimate, non-retaliatory reasons for not rehiring Plaintiff. Plaintiff has offered no evidence whatsoever to show that Defendant's proffered reasons were pretext for retaliation. Indeed, Plaintiff has not even responded to the summary judgment motion. Therefore, Defendant is entitled to summary judgment as to Plaintiff's retaliation claim.

## IV. CONCLUSION

For the reasons stated herein, Defendant is entitled to summary judgment on Plaintiff's sole remaining claim of retaliation.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment, (Doc. No. 67), is **GRANTED**.

---

to meet position qualifications.

Each of the positions for which Plaintiff applied was subject to Section 126-30(a).

2. This action is dismissed with prejudice.

3. The Clerk is directed to terminate this action.

Signed: September 23, 2022

Max O. Cogburn Jr.
United States District Judge

11